IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAC FUNDING CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: 07 CV 7090 |
| EXPRESS LITHO INC., ALLAN FANG, | ) | |
| and JENNIFER FANG, | ) | Judge Gettleman |
| | ) | |
| Defendants. | ) | Magistrate Judge Schenkier |

**MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

Plaintiff, MAC FUNDING CORPORATION ("MAC"), by and through its attorneys, MASUDA, FUNAI, EIFERT & MITCHELL, LTD., moves this court for entry of a temporary restraining order and preliminary injunction for the reasons set forth below:

1.  On or about March 3, 2003 EXPRESS LITHO INC. ("ELI") entered into Equipment Lease Agreement number SUL0191 for the lease of certain Mitsubishi equipment, including, but not limited to, one (1) Mitsubishi Diamond 3000S six (6) Color Sheetfed Printing Press, together with all auxiliary equipment (the "SUL0191 Lease Agreement"). A copy of the SUL0191 Lease Agreement is attached to the Complaint filed herewith as Exhibit "A" (the equipment covered by the SUL0191 Lease Agreement is collectively referred to as the "SUL0191 Equipment").

2. On or about July 18, 2005, ELI entered into Equipment Lease Agreement number SUL0224 (the "SUL0224 Lease Agreement" and together with the SUL0191 Lease Agreement, the "Subject Leases") for the lease of certain Mitsubishi equipment, including, but not limited to, one (1) Mitsubishi Diamond 3000S-4 (four) Color Sheetfed Printing Press, together with all auxiliary equipment (collectively, the "SUL0224 Equipment" and together with the SUL0191 Equipment, the "Subject Equipment.") A copy of the SUL0224 Lease Agreement is attached to the Complaint filed herewith as Exhibit "B."

3. ELI has failed to make the required payments under the Subject Leases.

4. MAC has made demand for the full payment of the delinquent balances on the Subject Leases.

5. Notwithstanding such demand, ELI has not cured the defaults under the Subject Leases.

6. Paragraph 16 of each of the Subject Leases provides that ELI shall be in default if it fails to pay when due any rent or other amount due under the Subject Leases. As a result thereof, ELI is in default under the Subject Leases.

7. Paragraph 17 of each of the Subject Leases provides that, upon default by ELI, MAC may declare all sums due and to become due immediately due and payable.

8. Paragraph 18 of each of the Subject Leases provides that in the event the Subject Leases are deemed to be a security agreement or a lease in the nature of a security agreement, lessee, i.e. ELI, grants to lessor, i.e. MAC, and lessor retains a continuing purchase money security interest in the Subject Equipment.

9. ELI has failed to meet its debts in the ordinary course of business by failing to pay MAC the remaining balances due on the Subject Leases, and has failed to return the Subject Equipment pursuant to the Subject Leases.

10. Upon information and belief, defendant ELI and the individual defendants do not have the ability to pay for the amounts due and owing from them to MAC, or to satisfy any money judgment, and Plaintiff has no adequate remedy at law.

11. Furthermore, the Subject Equipment is subject to depreciation and deterioration, thus rendering it less marketable and impairing the value of MAC's interest in such equipment.

12. The unauthorized possession and retention of the Subject Equipment by ELI, and the depreciation in value of the Subject Equipment, is thus causing irreparable and continuing injury to MAC.

13. As this is a commercial dispute involving two commercial enterprises, granting the preliminary injunctive relief requested herein will not disserve the public interest.

14.     Any harm that may be suffered by defendant ELI, should the injunctive relief requested by MAC be granted, would, in light of ELI's default under the Subject Leases and the depreciation in value of the Subject Equipment, be less than the harm Plaintiff will suffer if injunctive relief is not granted.

**WHEREFORE,** MAC FUNDING CORPORATION prays for a temporary restraining order and preliminary and permanent injunctions against EXPRESS LITHO INC., ALLAN FANG, and JENNIFER FANG, as follows:

1.     For temporary, preliminary and permanent injunctive relief immediately restraining and enjoining EXPRESS LITHO INC., ALLAN FANG, and JENNIFER FANG and their respective agents, attorneys, servants, employees, and others acting in their stead or in concert with them from further: using, distributing, selling, concealing, dealing in, dissipating, depleting, depreciating, impairing, diminishing in value, destroying, harming, encumbering, transferring, disposing of or otherwise reducing the value of any and all of the Subject Equipment.

2.     For temporary and permanent injunctive relief immediately restraining and enjoining EXPRESS LITHO INC., ALLAN FANG, and JENNIFER FANG and their respective agents, attorneys, servants, employees, and others acting in their stead or in concert with them, from prohibiting or interfering with MAC FUNDING CORPORATION's entry upon EXPRESS LITHO INC.'s premises and MAC FUNDING CORPORATION repossessing the Subject Equipment.

3.　　For a mandatory injunctive order directing EXPRESS LITHO INC., ALLAN FANG, and JENNIFER FANG to immediately assemble the Subject Equipment and make the same available for repossession to MAC FUNDING CORPORATION.

4.　　For an order of immediate possession, with full title and control of the Subject Equipment to be assigned to MAC FUNDING CORPORATION, and authorizing and directing any U.S. Marshall or other law enforcement official to enter the premises of EXPRESS LITHO INC. by any necessary means, and to allow MAC FUNDING CORPORATION to take physical possession of the Subject Equipment.

5.　　For an order of expedited discovery pending hearing on the motion for preliminary injunction.

6.　　For any other relief this Court deems just and proper.

Dated: December 18, 2007　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　**MAC FUNDING CORPORATION**

　　　　　　　　　　　　　　　　　　　　By:_____/s/ Rein F. Krammer_____
　　　　　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

Rein F. Krammer, Esq.
Masuda, Funai, Eifert & Mitchell, Ltd.
Attorneys for Plaintiff, MAC Funding Corporation
203 North LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
(312) 245-7500

RFK:mh:cmp
N:\SYS08\5087\Lit\01780002.doc

5