IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAC FUNDING CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.: 07 CV 7090 |
| EXPRESS LITHO INC., ALLAN FANG, ) | |
| and JENNIFER FANG, ) | Judge Gettleman |
| ) | |
| Defendants. ) | Magistrate Judge Schenkier |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff, MAC Funding Corporation ("MAC") submits this Memorandum in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

**I.**

**PRELIMINARY STATEMENT**

In the instant motion, MAC seeks to restrain and enjoin Defendants, EXPRESS LITHO INC. ("ELI"), ALLAN FANG ("A. Fang") and JENNIFER FANG ("J. Fang") from, among other things, (1) using, moving, disposing of, harming or impairing the value of the Subject Equipment (as defined herein) identified in the Subject Leases (as defined herein) between MAC and ELI; (2) in any way interfering with MAC's entry upon the premises where the Subject Equipment is located, and allowing the recovery and repossession of it; and (3) directing

Defendants to immediately assemble and make available the Subject Equipment for repossession. This litigation arises from ELI's default under the Subject Leases and its failure to return the Subject Equipment.

## II.

## FACTS

A. **The Subject Leases.**

On or about March 3, 2003, ELI entered into the SUL0191 Lease Agreement (as defined in the Complaint) with MAC for the lease of one (1) New Mitsubishi Diamond 3000S Six (6) Color Sheetfed Printing Press, together with all auxiliary equipment (collectively, the "SUL0191 Equipment"). On or about July 18, 2005, ELI entered into the SUL0224 Lease Agreement (as defined in the Complaint and collectively with the SUL0191 Lease Agreement, the "Subject Leases") with MAC for the lease of one (1) new Mitsubishi Diamond 3000S-4 (four) Color Sheetfed Printing Press, together with all auxiliary equipment (collectively, the "SUL0224 Equipment" and together with the SUL0191 Equipment, the "Subject Equipment").

B. **Defendant ELI's Default and Plaintiff's Demand for Payment.**

ELI subsequently defaulted on the Subject Leases, having failed to make the required payments, which prompted MAC to make demand for full payment of the balance. Notwithstanding the demand for payment and return of the Subject Equipment, the Defendants have not cured the defaults, and the Subject Equipment has not been returned. The amount due and owing on the Subject Leases, after acceleration, totals as of December 14, 2007 approximately $2,404,245.96, not including attorneys' fees and certain other charges.

C.  **Impairment of Collateral.**

On information and belief, ELI continues to use the Subject Equipment. The Subject Equipment continues to depreciate in value, substantially impairing MAC's interest in such equipment. (See Declaration of Mr. Mitch Dudek attached hereto as Exhibit "A"). Furthermore, ELI has failed to return the Subject Equipment to MAC. (See Declaration of Mr. Hidekazu Kotegawa attached hereto as Exhibit "B").

III.

ARGUMENT

A.  **Plaintiff Is Entitled To A Preliminary Injunction Ordering the Subject Equipment's Immediate Return.**

In ruling upon a motion for preliminary injunction, the court will consider (1) whether the movant has an adequate remedy at law or will suffer irreparable injury if the preliminary injunction is denied; (2) whether harm to the movant outweighs the harm to the opposing party if the preliminary injunction is granted; (3) whether the movant has a reasonable likelihood of success on the merits; and (4) whether the preliminary injunction is in the public interest. *Roland Machinery Co. v. Dresser Industries, Inc.*, 749 F.2d 380 (7th Cir. 1984). Considering each of the above factors, MAC is entitled to temporary and permanent injunctive relief for the reasons set forth below.

B.  **Likelihood of Success on the Merits.**

Plaintiff MAC has a reasonable likelihood of success on the merits. The operative facts supporting the grant of a preliminary injunction in this case are as follows:

1. Paragraph 16 of each of the Subject Leases provides that ELI shall be in default if it fails to pay when due any rent or other amount due under the Subject Leases.

2. Paragraph 17 of each of the Subject Leases provides that, upon default by ELI, MAC may declare all sums due and to become due immediately due and payable.

3. Paragraph 18 of each of the Subject Leases provides that, upon ELI's default, MAC will have the right to, <u>inter alia</u>, enter into any premises and repossess the Subject Equipment.

4. ELI is in default as to the Subject Leases as a result of nonpayment of rent and other fees and costs. Therefore, Plaintiff MAC is entitled to all remedies available to it under the Subject Leases and the Uniform Commercial Code, including full payment of the balance on the Subject Leases, as well as immediate repossession of the Subject Equipment.

5. ELI has been using the Subject Equipment without ELI making payments under the Subject Leases. The Subject Equipment continues to depreciate in value.

C. **<u>Plaintiff Will Suffer Irreparable Harm and Has No Adequate Remedy At Law.</u>**

The foregoing facts establish that MAC not only has a reasonable likelihood of success on the merits, but also will suffer irreparable harm if ELI is not restrained and enjoined from using, moving, transferring, disposing of, harming or impairing the value of the Subject Equipment. Due to the financial condition of ELI in that it has not paid debts when due, and has not returned the Subject Equipment, MAC does not have an adequate remedy at law and is not likely to fully recover on any claim at law, as ELI may become or is insolvent before a final judgment can be entered and collected. Thus, any remedy at law for money damages and any

remedy under replevin are inadequate. *See **Roland Machinery Company v. Dresser Industries, Inc.**,* 749 F.2d 380, 386 (7th Cir. 1984); *see also,* ***MGL Corporation v. Unicom AP Chemical Corporation***, 2001 WL 204729 (Bankr. E.D. Pa.); ***Hemsbach v. Quik Pac Corp.***, 1998 U.S. Dist. LEXIS 8711 (E.D. Pa. June 15, 1998); ***Teradyne, Inc. v. Mostek Corp.***, 797 F.2d 43, 51 (1st Cir. 1986).

This Court has authority to grant mandatory injunctive relief to require ELI to assemble and make available the Subject Equipment, as required by the Subject Leases, and such relief is particularly appropriate when MAC has no adequate remedy at law, and the remedy of replevin is not practical. *See **Clark Equipment Co. v. Armstrong Equipment Co.**,* 431 F.2d 54 (5th Cir. 1970).

### D.    The Balance of Harms Favors Plaintiff.

While the denial of injunctive relief would inflict severe irreparable harm on MAC, as demonstrated here, granting such relief would inflict little or no irreparable harm on ELI because, pursuant to the Subject Leases, ELI is not entitled to possession or control over the Subject Equipment where it is in default, failed to pay for the Subject Equipment, and continues to use and devalue it.

### E.    The Public Interest Will Not Be Disserved.

MAC asserts that, because this is a private commercial dispute between two commercial entities, the granting of the preliminary injunction will not disserve the public interest.

5

Accordingly, after consideration of each of the four factors above, it is clear that MAC is entitled to the requested injunctive relief.

F.   **Plaintiff is also Entitled to Temporary Injunctive Relief Restraining the Use, Disposition of, or Harm to, the Subject Equipment.**

Finally, prior to entry of a preliminary injunction, MAC is also entitled to a temporary restraining order to preclude ELI from transferring or otherwise disposing of the Subject Equipment pending a hearing on MAC's Motion for Preliminary Injunction. *See Businessland Rents, Inc. v. Brian Brothers*, 1991 U.S. Dist. LEXIS 16874 at 12 1991 WL 249679 (November 13, 1991) (Judge I. Rovner). MAC is also entitled to an order temporarily restraining ELI from using the Subject Equipment, pending a hearing on MAC's Motion for Preliminary Injunction. Accordingly, this Court can and should prevent ELI from using the Subject Equipment, as well as disposing, transferring or damaging the Subject Equipment, pending a hearing on MAC's Motion for Preliminary Injunction.

## IV.

## CONCLUSION

For all of the foregoing reasons, MAC respectfully requests the issuance of a temporary restraining order, as provided above, for a hearing on MAC's Motion For Preliminary Injunction,

and the granting of mandatory preliminary injunctive relief for repossession of the Subject Equipment.

Dated December 18, 2007               Respectfully submitted,

**MAC FUNDING CORPORATION**

By: ___/s/ Rein F. Krammer___
                  One of Its Attorneys

Rein F. Krammer, Esq.
Masuda, Funai, Eifert & Mitchell, Ltd.
Attorneys for Plaintiff, MAC Funding Corporation
203 North LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
(312) 245-7500

RFK:cmp
N:\SYS08\5087\Lit\01780004.doc

## EXHIBIT LIST

| Exhibit | Description |
| --- | --- |
| A | Declaration of Mitch Dudek |
| B | Declaration of Hidekazu Kotegawa |

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAC FUNDING CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: 07 CV 7090 |
| EXPRESS LITHO INC., ALLAN FANG, | ) | |
| and JENNIFER FANG, | ) | Judge Gettleman |
| | ) | |
| Defendants. | ) | Magistrate Judge Schenkier |

**DECLARATION OF MITCH DUDEK
IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION**

I, Mitch Dudek, declare under penalty of perjury as follows:

1. I am the Used Press Sales Coordinator of MLP U.S.A., Inc., a Delaware Corporation ("MLP"), and have held such position for over five (5) years.

2. I have been involved in the printing sales business for over five (5) years.

3. I have been involved in the sale of hundreds of Mitsubishi brand presses, both new and used, in my over five (5) years in the printing press sales business.

4. I have reviewed the Complaint filed on behalf of MAC Funding Corporation ("MAC") in the above-captioned cause, and I am familiar with the identity and type of the equipment leased to Express Litho Inc. ("ELI") referenced therein (the "Equipment").

5. Based upon (i) my five (5) years of experience in the printing press business, (ii) my personal involvement in and familiarity with the sale (and sale prices) of numerous used Mitsubishi presses and the resale of numerous repossessed Mitsubishi presses, and (iii) the information and knowledge I have obtained from the books and records of MLP, and other

information that I customarily rely upon in the normal course of my business as to the at-issue Equipment, it is my opinion that the at-issue Equipment has substantially depreciated in value and continues to substantially depreciate in value, since being first delivered to ELI, by normal wear and tear, and normal depreciation that comes with use and the passing of time.

I declare under a penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Mitch Dudek

_December 17, 2007_____
Date

RFK:cmp
N:\SYS08\5087\Lit\01780005.doc

2

**EXHIBIT "B"**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAC FUNDING CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: 07 CV 7090 |
| EXPRESS LITHO INC., ALLAN FANG, | ) | |
| and JENNIFER FANG, | ) | Judge Gettleman |
| | ) | |
| Defendants. | ) | Magistrate Judge Schenkier |

**DECLARATION OF HIDEKAZU KOTEGAWA
IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION**

I, Hidekazu Kotegawa, declare under penalty of perjury as follows:

1. I am the Credit Manager of MAC Funding Corporation ("MAC"), which has its principal place of business located at 1500 Michael Drive, Wood Dale, Illinois 60191.

2. In my capacity as Credit Manager, I am familiar with and responsible for all credit transactions involving the lease of machines by MAC.

3. I have reviewed the Complaint filed on behalf of MAC in the above-captioned cause.

4. The Subject Leases (as defined in the Complaint) requires Express Litho Inc. ("ELI") to make payment upon demand by MAC. Demand for payment has been made on behalf of MAC. However, ELI has not made a payment in response to the demand.

5. Pursuant to the terms of the Subject Leases, all sums due and to become due are immediately due upon default by ELI along with other charges and attorneys' fees as provided in the Subject Leases.

6. The books and records of MAC, which are prepared and maintained in the normal course of MAC's business, show that with regard to the Subject Leases, ELI was to make certain monthly payments to MAC. However, ELI has failed to make the required payments pursuant to the Subject Leases.

7. The books and records of MAC show that by ELI's failure to make timely principal and/or interest payments in accordance with the terms of the Subject Leases despite demands on behalf of MAC, ELI became in default under the terms of the Subject Leases.

8. According to the books and records of MAC, there is due and owing from ELI in connection with the Subject Leases, after acceleration of the principal portion of the debt and the addition of attorneys' fees and costs, the sum of $2,404,245.96 as of December 14, 2007.

9. ELI has not surrendered the Equipment.

I declare under a penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Hidekazu Kotegawa

12/17/07
Date

RFK:cmp
N:\SYS08\5087\Lit\01780006.doc

2