

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAC FUNDING CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.:   07 CV 7090 |
| EXPRESS LITHO INC., ALLAN FANG, ) | Judge Gettleman |
| and JENNIFER FANG, ) | Magistrate Judge Schenkier |
| ) | |
| Defendants. ) | |

## ORDER

THIS CAUSE COMING to be heard upon the Motion of Plaintiff MAC FUNDING CORPORATION ("MAC") for Temporary Restraining Order and for Injunctive Relief, notice of the motion having been provided prior to such hearing and Plaintiff having established by the declarations of Hidekazu Kotegawa and Mitch Dudek that it is entitled to the relief sought for the reasons set forth in such declarations.

COURT'S FINDINGS OF FACT FOR PURPOSES OF THIS TEMPORARY RESTRAINING ORDER:

1. On or about March 3, 2003, defendant EXPRESS LITHO INC. ("ELI") entered into Equipment Lease Agreement No. SUL0191 with MAC for the lease of one (1) New Mitsubishi Diamond 3000S Six (6) Color Sheetfed Printing Press (the "SUL0191 Equipment"). A copy of such Equipment Lease Agreement is attached to the Complaint filed in this matter as

Exhibit "A" (the "SUL0191 Lease Agreement"). Furthermore, on or about July 18, 2005, Defendant ELI entered into Equipment Lease Agreement No. SUL0224 with MAC for the lease of one (1) New Mitsubishi Diamond 3000S-4 (four) Color Sheetfed Printing Press (the "SUL0224 Equipment" and together with the SUL0191 Equipment, the "Equipment"). A copy of such Equipment Lease Agreement is attached to the Complaint filed in this matter as Exhibit "B" (the "SUL0224 Lease Agreement" and together with the SUL-0191 Lease Agreement, the "Subject Leases").

2. ELI has failed to make the required payments under the Subject Leases.

3. Demand has been made by MAC for the full payment of the delinquent balance. MAC has complied with its obligations under the Subject Leases.

4. Notwithstanding such demand, no further payment has been made by ELI or the other Defendants to MAC.

5. Paragraph 16 of each of the Subject Leases provides that ELI shall be in default when it fails to pay when due any rent or other amount due under the Subject Leases.

6. Paragraph 17 of each of the Subject Leases provides that upon lessee's default, lessor will have the right to, inter alia, require lessee to promptly redeliver the Equipment to lessor and/or repossess the Equipment without notice, legal process, prejudicial hearing or liability for trespassing or other damage.

7. Furthermore, the Equipment covered by the Subject Leases in the possession of ELI is subject to depreciation and deterioration, thus rendering it less marketable and impairing the value of MAC's interest in such Equipment.

8. ELI has failed to pay its debts within the ordinary course of business by failing to pay MAC the remaining balances due on the Subject Leases.

9. As this is a commercial dispute involving two commercial enterprises, the public interest will not be disserved by granting the preliminary injunctive relief requested herein.

10. Any harm which may be suffered by defendant ELI should the injunctive relief requested by MAC be granted, would, in light of ELI's default under the Subject Leases and the depreciation in value of MAC's Equipment, be less than the harm Plaintiff will suffer if injunctive relief is not granted.

WHEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. EXPRESS LITHO INC., ALLAN FANG and JENNIFER FANG, and their respective agents, attorneys, servants, employees, and others acting in their stead or in concert with them are hereby temporarily restrained and enjoined from further: distributing, selling, concealing, dealing in, dissipating, depleting, moving, depreciating, impairing, destroying, harming, encumbering, transferring, disposing of or otherwise damaging the value of the

Equipment (i.e., the Mitsubishi brand printing presses) in the possession of ELI. Notwithstanding anything to the contrary in the foregoing, ELI shall be permitted to operate the Equipment in the ordinary course of its business.

2. No bond shall be required of Plaintiff.

3. Discovery in connection with further hearings on the Motion for Preliminary Injunction shall be expedited, and such discovery shall be issued on or before January 30, 2008 and answered and fully complied with, and delivered by overnight mail to opposing counsel or the opposing party, as may be appropriate, within 10 business days of receipt of such discovery request.

Judge _____Robert W. Gettleman_____

Dated: _____Jan 15, 2008_____

Rein F. Krammer, Esq.
Masuda, Funai, Eifert & Mitchell, Ltd.
Attorneys for Plaintiff, MAC Funding Corporation
203 North LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
(312) 245-7500

RFK:cmp
N:\SYS08\5087\Lit\01780009.doc

4